UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLYDE M. JONES**<br>    **DOC # 535180** | **:** | **DOCKET NO. 2:18-cv-481**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE TRIMBLE** |
| **DARREL VANNOY** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Clyde M. Jones. Jones is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as time-barred.

**I.**
**BACKGROUND**

The full procedural history of Jones's case is provided in our preceding memorandum order. Doc. 5. There we ordered Jones to amend his petition and address concerns of timeliness and procedural default, based on claims raised after his allegedly belated discovery that his accomplices falsely testified that they had not received any benefit for their testimony against him. *See id.* Jones has complied, and shown in relevant part:

- That he made a records request relating to his accomplices' guilty pleas to the Calcasieu Parish District Attorney, in March 2014. Doc. 6, att. 1, pp. 4–5.
- That he might not have received the records until July 31, 2014, though he previously stated that he received these records "[o]n or about June 2014." *Id.* at 21–22; *see* doc. 1, att. 2, p. 9.
- That his application for post-conviction relief was filed in the state district court on October 11, 2014, though Jones contends that he mailed it on September 9, 2014. Doc. 6, att. 1, pp. 68–71; *see* doc. 6, p. 4.
- That the application remained pending in the state courts until the Louisiana Supreme Court denied writs on April 7, 2017. Doc. 6, att. 1, p. 149.

The Louisiana Supreme Court affirmed the state district court's ruling that the petition was filed untimely under state law. *See State ex rel. Clyde Milton Jones v. State*, 215 So.3d 217 (La. 2017). The instant petition was not filed in this court until April 5, 2018. Doc. 1.

## II.
## LAW & APPLICATION

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final, but may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The

limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Jones has provided enough to show, at this stage, that his limitations period would begin to run around July 31, 2014, when he received records relating to his accomplices' guilty pleas. Because his state application for post-conviction relief was rejected as untimely, however, he is not entitled to statutory tolling for the time that that case was pending in the state courts. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Accordingly, he has still accrued nearly four years against his one year time limit for the time spent pursuing post-conviction relief.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights **diligently**, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted) (emphasis added). Where the petitioner does not exercise reasonable diligence in pursuing habeas corpus relief,

including by allowing unreasonable and unexplained delays to erode the limitations period, he is not entitled to equitable tolling. *Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013).

We assume for the sake of argument that Jones could be entitled to equitable tolling for the time when his state application was actually pending. However, we still determine that time would have accrued before the records were actually received, because Jones fails to rebut the state district court's finding that he could have begun pursuing this matter in April 2012. *See* doc. 6, att. 1, pp. 125–26. Jones did not begin making his records request until March 2014. Additionally, Jones does not provide any excuse for his one-year delay between the Louisiana Supreme Court's ruling and the filing of his federal habeas petition. Given his delay of several weeks between receiving the records and filing his state application for post-conviction relief, this additional delay would have rendered his application untimely even if the Louisiana courts deemed his application timely and given him grounds for statutory tolling while his application was period. Accordingly, he cannot be said to have acted with the necessary diligence in this matter in either the pre- or post-filing stages, and is not entitled to equitable tolling. Because he has not alleged any other grounds to excuse his petition's untimeliness, the matter must be dismissed with prejudice as time-barred.

### III.
#### CONCLUSION

For reasons stated, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 29th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE